(34 Misc. Rep. 515.)

### HIRTENSTEIN v. FARRELL.

(Supreme Court, Appellate Term. April 22, 1901.)

1 APPEAL—WEIGHT OF EVIDENCE.

    Questions involving only the weight of evidence will not be reviewed on appeal.

2. INJURY TO TENANT—DEFECTIVE DUMB-WAITER.

    Where a tenant was injured by the falling of a dumb-waiter, and the landlord's agent had been notified of its condition, and the wheel on which it worked was found, after the accident, to be worn and rusty at the place where the break occurred, it was not error to refuse to .dismiss the tenant's action on the ground that no defect or notice thereof was shown.

Appeal from city court of New York, general term.

Action by Fannie Hirtenstein against John Farrell, impleaded with James McClenahan. From a judgment of the general term (68 N. Y. S. 1140) affirming a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

McCrea, Somerville & Taylor, for appellant.

M. Cukor, for respondent.

PER CURIAM. This action is brought to recover damages for personal injuries to plaintiff, a tenant in defendant's apartment house, while operating a dumb-waiter supplied for the use and convenience of the tenants. Plaintiff, with the assistance of her little daughter, who stood at the base of the shaft, was lowering the dumb-waiter, when it fell violently to the bottom of the shaft. A piece of the iron carrying wheel fell down the shaft, striking plaintiff on the head, causing the injury complained of. After the accident the wheel was examined, found to be broken, and at the place of the break "worn and rusty." It was contended at the trial by plaintiff that the breaking of the wheel caused the elevator to fall, while defendant claimed that the little child let the dumb-waiter drop, which caused the counterweight to violently strike the wheel, and caused the break. All such questions have been resolved in favor of plaintiff by the verdict of the jury, and its affirmance by the general term. We will not consider questions involving the weight of evidence. The sole question before us arises from the exception taken to the refusal to dismiss the complaint upon the ground that there was no defect shown to have existed at the time of the accident, or at any time prior thereto, in the carrying wheel of the dumb-waiter, a piece of which struck the plaintiff, and that no notice of any such defect was shown to have been given to the landlord, directly or constructively. The duty of landlords to tenants in regard to dumb-waiters has been defined by the appellate division .in Sellers v. Dempsey, 26 App. Div. 22, 49 N. Y. Supp. 765, to be "the exercise of ordinary care and prudence, * * * which included the duty of maintaining the property in such reasonable repair and good condition as a person of ordinary care and prudence would exercise with reference to the uses of the property,

and the circumstances under which it was enjoyed and used by the tenants. * * * If the appliance fell into bad condition, the duty to repair or make it safe arose when notice of its condition was given or might be imparted to the defendant." It being in evidence in this case that the dumb-waiter had been repeatedly out of order, and that defendant's agent, the janitress, had had her attention called to this, and especially to the machinery and carrying wheel which broke, and that when the carrying wheel was examined, shortly after the accident, it was found worn and rusted at the place of the break, we cannot say, as matter of law, that error was committed in refusing to dismiss. It seems a case eminently requiring submission to the jury.

Judgment affirmed, with costs.