## RUSSO v. McLAUGHLIN.

### (Supreme Court, Appellate Term.  June 28, 1906.)

**LANDLORD AND TENANT—DEFECTIVE CONDITION OF PREMISES—INJURIES TO THIRD PERSONS.**

The owner of a tenement house is not liable to a person delivering goods to a tenant for injuries caused by the fall of a dumb waiter on account of the defective condition of a rope, of which defect the owner was not charged with knowledge.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 668–676.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Luigi Russo against Delia McLaughlin.  From a judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Winter & Winter, for appellant.
Werner & Fox, for respondent.

LEVENTRITT, J.  This appeal is taken from a judgment awarding damages to the plaintiff for injuries claimed to have been sustained by him through the negligence of the defendant.  The accident resulting in the injuries occurred in a tenement house owned by the defendant.  The plaintiff called at the premises to deliver a box of fruit to a tenant who occupied the third floor.  He went into the basement, and made use of the dumb waiter, which had been provided for the purpose of facilitating deliveries to the tenants.  It was operated by means of a rope.  The plaintiff placed the fruit on the car, and pulled the rope.  The car ascended to the second floor, the rope broke, and the car fell.  It struck the plaintiff, and inflicted the injuries.  The rope at the time of the accident was described as having the appearance of being "torn" and "cut" and "old."  Upon those facts the learned justice held the defendant liable for the consequences.  There was not a scintilla of proof tending to show that the defendant knew or was chargeable with knowledge of the condition of the rope.  Without the slightest indication of any neglect on her part, she has been mulcted in damages.  The judgment cannot be permitted to stand.  Sellers v. Dempsey, 26 App. Div. 22, 49 N. Y. Supp. 765; Turnier v. Lathers, 13 N. Y. Supp. 500.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.  All concur.